AARON LEVINE AND DON SCHNEIDER, PARTNERS TRADING AS LEVINE & SCHNEIDER, v. ANNIE SCHWARTZ.

Submitted July 2, 1914—Decided November 6, 1914.

Under the amendment of the Mechanics' Lien act (*Pamph. L.* 1912, *p.* 370), conferring jurisdiction on District Courts in mechanics' lien suits, the power of the court in such a suit to award a new trial, except for newly-discovered evidence, is limited to a period of thirty days after the judgment.

On *certiorari* to the First District Court of Newark.

Before Justices SWAYZE, PARKER and KALISCH.

For the plaintiffs, *Jacob L. Newman.*

For the defendant, *Philip J. Schotland.*

The opinion of the court was delivered by

PARKER, J. The writ brings up for review the propriety of the action of the District Court in opening a judgment entered by default against the defendant in a mechanics' lien case and awarding a new trial. The precise question presented is whether in such a suit the District Court has jurisdiction to grant a new trial after thirty days have elapsed from the date of the original judgment; and the solution of this question depends on whether the District Court practice in mechanics' lien cases is to be regulated at such a juncture by the District Court act or by the Practice act.

By section 17 of the District Court act (*Comp. Stat., p.* 1959) it is provided that—

"In every case tried in any of said courts the judge may, if he sees fit, order a new trial to be had upon such terms as he shall think reasonable, and in the meantime stay proceedings, provided that application for such new trial, except where the

said application is based upon newly-discovered evidence, shall be made within thirty days after judgment."

Consequently, it is plain that unless some other statutory provision takes precedence, the jurisdiction of the District Court to grant a new trial in any case before it is limited to the thirty days specified.

The defendant presented meritorious grounds for the opening of the judgment and relied upon section 68 of the District Court act (*Comp. Stat., p.* 1977), which provides that—

"The practice of the Circuit Courts, in so far as applicable, shall apply to District Courts, excepting, however, in cases where there may be some express provision of law providing otherwise;" and claimed that so far as related to mechanics' lien suits, section 112 of the Practice act of 1903 (*Comp. Stat., p.* 4087) was applicable. That section reads as follows:

"If in any action judgment shall pass against either party by reason of the failure of the attorney of such party to file any proper pleading, the court or a judge shall on application within one year after the entry of such judgment, open said judgment and permit a proper pleading to be filed upon terms, if in the opinion of the court or judge injury or wrong has resulted or may result from such failure."

The judge took this view and held that as the recent legislation conferring upon the District Courts the power to take cognizance of mechanics' lien suits, transferred to them for the purposes of convenience, a jurisdiction theretofore exercised solely by the Circuit Courts, which were regulated by the Practice act, the legislative intent was that that act where applicable should control District Court practice in mechanics' lien cases, and that in consequence he was entitled to grant a new trial under section 112 of the Practice act. This, we think, was erroneous, for the reason that by the express terms of section 23 of the Mechanics' Lien act (*Comp. Stat., p.* 3307, as amended by *Pamph. L.* 1912, *p.* 470) it is provided that "when the suit is brought in a District Court, the practice shall be as nearly as possible the same as now provided or may hereafter be provided by law in District Courts in actions on contract."

The meaning of this language seems to be perfectly plain, and there can be no question whatever but that by the practice of District Courts in actions on contract, a new trial cannot be granted after thirty days. *Rosner* v. *Cohn,* 81 *N. J. L.* 343.

The order opening the judgment and granting a new trial will therefore be set aside, with costs.